[The State *ex rel.* Cowan v. County Commissioners of Etowah County.]

# The State *ex rel.* Cowan *v.* County Commissioners of Etowah County.

## *Application for Mandamus.*

1. *Stock law; petition to repeal; averments.*—A petition, to the court of county commissioners to order an election on the question of the repeal of a stock law, which does not show what stock law is intended to be repealed, but merely mentions "Existing stock laws," and does not show that any stock law actually exists in the precinct, and, if so, does not show what its boundaries are, and fails to show by what authority such stock law exists, is defective.

2. *Same; mandamus.*—A mandamus will not be awarded, directing the court of county commissioners to order an election on the question of a repeal of a stock law in a certain district, where the petition for mandamus shows that the stock district, which is sought to be abolished, exists in only a part of a precinct, and the prayer is for an election in the entire precinct.

APPEAL from the City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

This was a petition by the appellant, M. A. Cowan, for a writ of mandamus against J. H. Lovejoy and others, members of the board of county commissioners of Etowah county, and sought to compel the respondents to order an election to ascertain whether a stock district, in Fairview precinct in said county, should be abolished. A petition had been made to said court of county commissioners, in the following language; "We, the undersigned land owners of Fairview precinct, hereby petition your honorable body to order an election in said precint for the purpose of repealing existing stock law or stock laws in such precinct." The court refused to grant this petition, and thereupon this application for mandamus was made, to compel them to do so. The petition for the writ represented that "A portion of Fairview precint has a

stock law." The prayer was that defendants be commanded to order an election, "Prayed for in the petition" made to the court of county commissioners.

Demurrer was interposed to the application for the writ, and, being sustained, the relator appealed.

GEORGE D. MOTLEY, for appellant.

DORTCH, MARTIN & ALLEN, contra.

SIMPSON, J.—The demurrers to the petition were properly sustained, and the petition properly dismissed, for the following reasons:

*First.* The petition to the commissioners court does not show what stock law is intended to be repealed, but merely mentions "Existing stock law or stock laws," but does not show that any stock law actually exists in the precinct, and, if so, what its boundaries are, nor does it show by what authority said stock law exists. This latter is important, as a matter of description and identification, if for no other reason.

*Second.* The petition for *mandamus* shows that the stock district, which is sought to be abolished, exists in only a part of the precinct mentioned, and the prayer is for an election in the entire precinct.

The judgment is affirmed.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.